CASE 119—EQUITY—NOVEMBER 29, 1881.

# Griffith v. Cox, &c.

### APPEAL FROM MASON CIRCUIT COURT.

1. It is not necessary that a creditor should have judgment and return of "no property" in order to enable him to maintain an action to have a conveyance declared to have been made in contemplation of insolvency.

2. The statute does not authorize the appointment of a receiver in such an action, except to take charge·of such property as may be under the control of the person to whom the sale, mortgage, or assignment ;shall have been made, unless the property is in danger of being lost, removed, or materially injured; so where a mortgage does not pass the possession and control of the property mortgaged, the court has no power to compel its surrender to a receiver before it is decided that the mortgage was made in contemplation of insolvency.

3. So long as a debtor remains solvent, no sale, mortgage, or assignment by him can be held to have been made in contemplation of insolvency, unless actual fraud be alleged and proved.

A. E. RICHARDS FOR APPELLANT.

1. An action to set aside a conveyance as fraudulent does not accrue until the creditor has obtained a judgment and return of "*nulla bona.*" (Moffatt v. Ingham, 7 Dana, 495; Hulbert v. Grant, 4 Mon., 581; Page v. Boyce, 6 J. J. M., 83; Haskell v. Wynne, Ky. Law Rep., July, 1881; Evans v. Reay, *Ib.*, Sept., 1881; Napper v. Yeager, *Ib.*, July, 1881.)

2. The record fails to show that the mortgage was made in contemplation of insolvency.

3. The court had no jurisdiction to sell the land before it had adjudged the mortgage to have been made in. contemplation of insolvency, and the judgment of sale was therefore void.

4. A final judgment need not be excepted to in order to maintain an appeal. (Barton v. Campbell, 2 Dana, 422; Story v. Hawkins, 8 Dana, 12; Maysville and L. R. R. Co. v. Punnett, 15 B. M., 48; Dawson v. Litsey, 10 Bush, 411; Coffman v. Wilson, 2 Met., 543.)

WHITAKER & ROBERTSON FOR APPELLANT.

No brief with record.

W. H. WADSWORTH FOR APPELLEES.

No brief with record.

Griffith v. Cox, &c.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant and her brother owned a tract of land and personal property worth between $14,000 and $15,000.

They mortgaged the land to Riley for about $2,000, part of which was a preëxistent debt.

The appellees brought suit to have the mortgage declared to operate as an assignment and transfer of all the property of the appellant and her brother, for the benefit of all their creditors, on the ground that it was made in contemplation of insolvency, and with the design to prefer Riley to the exclusion of appellees and other creditors.

Before ascertaining or deciding whether the mortgage was so made, the court appointed a receiver to take charge of and sell the personal estate, decreed a sale of the land, and appointed a commissioner to make the sale.

The whole of the personalty was sold by the receiver, and the real estate by the commissioner. The reports of sale were confirmed, and immediate possession of the land was ordered to be given to the purchaser.

After these things were done, the cause was referred to the master commissioner to audit debts and ascertain the amount the mortgagors owed, and also the value of their property.

The commissioner's first report showed that the appellant owned more property than she owed debts, either as principal or surety, and the cause was again referred to him to find out if there were any more debts; but a second report exhibited the same result.

Yet, notwithstanding she was thus affirmatively shown to have been solvent when she executed the mortgage, and that she had continued solvent, even under the enforced surrender and sale of her property, the chancellor adjudged that the mortgage was made by her in contemplation of

insolvency, and directed a distribution of her estate amongst her creditors.

This judgment was supplemented by an order requiring the appellant to pay the sum of three hundred dollars to the appellees' attorneys for their services rendered in behalf of their clients.

From these judgments she appeals.

It is insisted for appellant, that before the appellees had the legal right to bring their suit to have the mortgage declared to be a "fraudulent conveyance in contemplation of insolvency," they should first have obtained judgment and return of no property found against her.

Article 2 of chapter 44, under which the suit was instituted, does not require "judgment and return of no property" by a creditor before attacking such conveyances—

1st. Because courts of equity are expressly given jurisdiction and control of such transfers upon the filing of a petition by any person interested within six months after the mortgage or transfer. (§ 2, *Ibid.*)

2d. Any person or number of persons interested, no matter whether their interest be manifested by judgment or otherwise, may unite in the petition. (§ 3, *Ibid.*)

3d. As the petition must be filed within six months after the mortgage or transfer shall have been lodged for record or the delivery of the property or effects transferred, to require judgment and return of no property found before the petition shall be filed would render the statute almost useless, and defeat many creditors by the delays which could be resorted to by debtors to prevent such judgments and returns before the expiration of the six months.

But although this alleged error does not exist, the other grounds on which she seeks a reversal are tenable, and will be briefly treated.

The statute does not authorize the appointment of a re-ceiver, except to take charge of all the property and effects in the possession or under the control of the *transferee* or *the person to whom* the sale; mortgage, or assignment shall have been made. This may be done at any time pending the action, and upon such terms as the court, in the exercise of a sound legal discretion, may deem proper; and it may make such orders respecting the property as may be made concerning attached property.

But we have been unable to find any law authorizing such receiver to take possession of property which the transferrer, vendor, mortgagor, or assignor has not transferred, sold, mortgaged, or assigned, unless it shall have been first de-cided that the sale, mortgage, or assignment was made in contemplation of insolvency and to make an illegal pref-erence among creditors.

It is true, by section 298, Civil Code, a receiver may be appointed "on the motion of any party who *shows* that he has, or probably has, a right to a lien upon, or an interest in, any property or fund the right to which is involved in the action, and that the property or fund is in danger of being lost, removed, or materially injured;" but the appellees failed in this case *to show* such an interest in the property or danger of its being lost as described in that section of the Code.

While a mortgage was executed by the appellant, the possession and control of the property mortgaged never passed to the mortgagee, and therefore the court had no power under the statute to compel its surrender to the re-ceiver before it was decided that the mortgage was in vio-lation of law, unless the facts and conditions specified in section 298 of the Civil Code were shown.

So in either aspect of this case, whether to take possession of appellant's property, which she did not mortgage, or to compel the surrender of that which was mortgaged to the receiver, his appointment was illegal.

We suppose, upon a proper state of facts, that the anciliary remedies by attachment, injunction, or the appointment of a receiver, might be resorted to in an action under this statute, to preserve the property from removal or destruction, as in actions generally; but without some such predicament, it was not intended by the statute we are considering to authorize the court to compel the surrender to a receiver of any property, except such as may be placed in the possession or control of the mortgagee or transferee by the mortgagor or transferrer, until after it shall have been decided that the act which may be in question is within the interdiction of the statute. And this power is not arbitrary, but must be exercised with sound judicial discretion to accomplish the real purpose of the statute. (Section 4, article 2, *Ibid.*)

The whole of appellant's property was illegally taken from her and sold before any judgment was rendered that the mortgage was made either in contemplation of insolvency or with the design to prefer creditors.

And after she was thus stripped of her property and deprived of her home, the court, in face of the commissioner's report, which showed that she was solvent when the mortgage was executed, and had remained so, decreed that she had made the mortgage in contemplation of insolvency. This decree is erroneous.

For so long as a debtor remains solvent, no sale, mortgage, or assignment by him or her can be held to have been made

in contemplation of insolvency, unless actual fraud be alleged and proven.

Upon the return of this cause, so far as it may be in the power of the court to do so, the appellant should be placed in *statu quo*.

She is entitled to her property in specie, unless some innocent judicial purchaser has rights which supervene.

And if her property cannot be restored to her in specie, the creditors who participated in this action and the receipt of her property should be required, upon rule or supplemental pleading, if she so proceeds within proper time, to pay or return to her all money or property received by them or either of them, or collected from her through the instrumentality of this suit. They should also be required to account to her for the reasonable value of the rents and profits of the land and interest on the personalty sold under the decree until full restitution shall be made to her.

The attorneys' fees must also be restored.

Wherefore, the judgment is reversed, and cause remanded, for further proceedings consistent with this opinion.